## J. R. CROCKETT v. GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY.

### No. 3008.

**Pleading—Failure to State Cause of Action.**—The plaintiff, a public weigher, at the request of the defendant company moved his weighing apparatus to the platform of the defendant, and after occupying said platform in his business for three months the defendant caused his weighing apparatus to be removed and refused to permit him to occupy the platform any longer. In the removal and in the loss of his buildings, etc., consequent upon the removal he alleged he was injured, and his alleged damages were itemized. *Held*, that the facts did not show a cause of action.

APPEAL from Fayette. Tried below before Hon. H. Teichmueller. The opinion gives a statement.

*R. H. Phelps* and *J. Lane*, for appellant.—Plaintiff's petition sets up a good cause of action against defendant. Bish. on Con., secs. 5, 316; 3 Am. and Eng. Encyc. of Law, 860.

*J. C. Brown*, for appellee.—1. The facts alleged in plaintiff's petition show a tenancy at will, which may be lawfully terminated at the will of either party without notice to the other. Tayl. Land. and Ten., secs. 59 *et seq.;* 4 Kent's Com., 114.

2.   If the contract alleged in plaintiff's petition is to be construed as contended for by him, it is void under our statute of frauds because not in writing.

HENRY, ASSOCIATE JUSTICE.—Appellant sued the appellee to recover damages.   His petition alleged that plaintiff was the public weigher for the town of Flatonia; that about the first day of July, 1888, he owned a large platform in said town situated about two hundred and fifty yards from a platform owned by the defendant and used by it for the purpose of handling cotton and other property offered to it for transportation; that plaintiff constructed and used his platform for the purpose of handling and weighing cotton and wool for the public; that he had constructed a tramway and purchased a tram car for the purpose of conveying the products weighed by him from his own to the platform of the defendant; that plaintiff was very conveniently situated to conduct his said business with profit; that previous to the last day of July, 1888, the San Antonio & Aransas Pass Railway Company offered to allow plaintiff to place his scales on its platform and conduct his said business there; that thereupon the agent of the defendant represented to plaintiff that if he accepted the offer of the other railway company without also conducting his business on defendant's platform, the other company would get the transportation of all of the cotton, and requested him to move onto its platform instead of accepting the offer made by the other company; that for the purpose of accommodating the defendant and the owners of the products handled by him, and by the request of the defendant and demand of the public, plaintiff in good faith, relying upon the promises of the defendant and the contract made with it, moved his scales onto the platform of the defendant and constructed thereon a shed for his scales and a derrick to raise cotton with, at a cost to him of about $25; that at the time and before he so moved onto the defendant's platform he was induced to believe by defendant, and he did understand and believe, that said contract was to bind them and be in force thereafter, and that so long as he desired plaintiff was to have the use of said platform, and he thought and still believes that defendant so understood said contract; that acting on said belief he abandoned his own platform, cotton yard, and tramway, which, after being torn down, were not worth exceeding $100 (which was greatly less than the sum he alleged they were worth before), and his tram car became entirely worthless; that after he put his scales upon defendant's platform he began weighing cotton and wool thereon and so continued until about the 1st day of November, 1888, when by order of defendant his scales were thrown down and removed from its platform, and plaintiff was compelled by defendant to quit weighing thereon, without any cause therefor, and while he was in good faith

performing his part of the agreement. The petition particularly specifies plaintiff's damages resulting from the alleged breach of contract.

The court sustained a general demurrer to the petition, and as the plaintiff declined to amend dismissed his cause.

We find no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered March 20, 1891.